IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

LINDA J. CARRUTHERS,                  )
                                      )
            Plaintiff,                )
                                      )
v.                                    )          CIVIL ACTION NO. 1:12-07284
                                      )
CAROLYN W. COLVIN,                    )
Acting Commissioner of Social Security, )
                                      )
            Defendant.                )

PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security

denying the Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social

Security Act, 42 U.S.C. §§ 401-433. By Standing Order entered November 12, 2012 (Document No.

4.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings

and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all

pursuant to 28 U.S.C. § 636(b)(1)(B). Neither party has filed briefs in the matter.

The Plaintiff, Linda J. Carruthers, (hereinafter referred to as "Claimant"), filed an application

for DIB and SSI on February 22, 2007 (protective filing date), alleging disability as of May 15, 2006,[1]

due to "right knee problems, back problems, heart problems, high blood pressure, complete hearing

loss in right ear, poor hearing in left ear, and bad headaches."[2] (Tr. at 39, 10-8-110, 121, 125.) The

claim was denied initially and upon reconsideration . (Tr. at 80, 81-83.) On August 30, 2007, Claimant

---

[1] At the May 2, 2008, administrative hearing, Claimant, through counsel, amended her alleged onset date to February 15, 2007. (Tr. at 892-93.)

[2] Claimant filed a subsequent claim for SSI on August 25, 2009 (protective filing date). (Tr. at 451-54, 475.) Claimant alleged disability as of July 4, 2008, due to "right knee problems, back problems, heart problems, hearing loss in left ear, arthritis in both hands, anxiety, depression, high blood pressure, asthma, anemia, [and] muscle spasms." (Tr. at 451, 480.)

requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 79.) The hearing was held on May 2, 2008, before the Honorable Geraldine H. Page. (Tr. at 889-919.)  By decision dated July 3, 2008, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 39-49.)

By Notice of Order dated July 21, 2010, the Appeals Council granted Claimant's request for review and remanded the case to the ALJ. (Tr. at 418-21.) In its Order, the Appeals Council noted that the ALJ's decision did not contain an evaluation of the opinion of non-treating psychological examiner Kelly Robinson. (Tr. at 420.) On remand, the Appeals Council instructed the ALJ to give further consideration to Claimant's RFC and to obtain supplemental evidence from a Vocational Expert ("VE") to clarify the effect of the assessed limitations on Claimant's occupational base. (Tr. at 420-21.) The Appeals Council also rendered Claimant's subsequent SSI claim filed on August 25, 2009, duplicate, and directed the ALJ to associate the claim files and issue a new decision on the associated claims. (Tr. at 421.)  On remand, a hearing was held on February 16, 2011, before ALJ Page.[3] (Tr. at 920-41.) By decision dated February 25, 2011, the ALJ determined that Claimant was under a disability for SSI since August 15, 2007, but beyond her insured date and therefore ineligible for DIB. (Tr. at 16-21.) The ALJ's decision became the final decision of the Commissioner on September 5, 2012, when the Appeals Council denied Claimant's request for review. (Tr. at 6-9.) Claimant filed the present action seeking judicial review of the administrative decision on November 2, 2012, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less

---

[3] At the hearing, Claimant amended her alleged onset date to August 15, 2007. (Tr. at 16, 23.)

than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2011). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2011). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents

3

its findings if the claimant is determined to have such an impairment. Second, the SSA rates and

documents the degree of functional limitation resulting from the impairment according to criteria as

specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Those sections provide as follows:

> *(c) Rating the degree of functional limitation.* (1)Assessment of functional
> limitations is a complex and highly individualized process that requires us to consider
> multiple issues and all relevant evidence to obtain a longitudinal picture of your
> overall degree of functional limitation. We will consider all relevant and available clinical
> signs and laboratory findings, the effects of your symptoms, and how your functioning
> may be affected by factors including, but not limited to, chronic mental disorders,
> structured settings, medication and other treatment.
>
> (2) We will rate the degree of your functional limitation based on the extent to
> which your impairment(s) interferes with your ability to function independently,
> appropriately, effectively, and on a sustained basis. Thus, we will consider such factors
> as the quality and level of your overall functional performance, any episodic
> limitations, the amount of supervision or assistance you require, and the settings in
> which you are able to function. See 12.00C through 12.00H of the Listing of
> Impairments in appendix 1 to this subpart for more information about the factors we
> consider when we rate the degree of your functional limitation.
>
> (3) We have identified four broad functional areas in which we will rate the
> degree of your functional limitation: Activities of daily living; social functioning;
> concentration, persistence, or pace; and episodes of decompensation. See 12.00C of
> the Listings of Impairments.
>
> (4) When we rate the degree of limitation in the first three functional areas
> (activities of daily living, social functioning; and concentration, persistence, or pace),
> we will use the following five-point scale: None, mild, moderate, marked, and extreme.
> When we rate the degree of limitation in the fourth functional area (episodes of
> decompensation), we will use the following four-point scale: None, one or two, three,
> four or more. The last point on each scale represents a degree of limitation that is
> incompatible with the ability to do any gainful activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA

determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of

daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth

(episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless

evidence indicates more than minimal limitation in the claimant's ability to do basic work activities.

20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).[4] Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3). The Regulation further specifies how the findings and conclusion reached in applying the technique must be documented at the ALJ and Appeals Council levels as follows:

> At the administrative law judge hearing and the Appeals Council levels, the written decision issued by the administrative law judge and the Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she

---

[4] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, provides that affective disorders, including depression, will be deemed severe when (A) there is medically documented continuous or intermittent persistence of specified symptoms and (B) they result in two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation, each of extended duration or (C) there is a medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms currently attenuated by medication or psychosocial support and (1) repeated extended episodes of decompensation; (2) a residual disease process resulting in such marginal adjustment that a minimal increase in mental demands or change in the environment would cause decompensation; or (3) a current history of 1 or more years' inability to function outside a highly supportive living arrangement, and the indication of a continued need for such an arrangement.

had not engaged in substantial gainful since August 25, 2007, the amended alleged onset date. (Tr. at 18, Finding No. 1.) Under the second inquiry, the ALJ found that Claimant suffered from "hypertension, headaches, degenerative disc disease, affective disorders, and anxiety related disorders," which were severe impairments. (Tr. at 18, Finding No. 2.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19, Finding No. 3.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform less than sedentary work, meaning that Claimant was unable "to work 8 hours a day, 5 days a week." (Tr. at 19, Finding No. 4.) At step four, the ALJ found that Claimant could not return to her past relevant work. (Tr. at 20, Finding No. 5.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that there were no jobs that existed in significant numbers in the national economy that Claimant could perform. (Tr. at 20-21, Finding No. 9.) On this basis, the ALJ determined that Claimant had been under a disability since August 15, 2007, the amended alleged onset date of disability. (Tr. at 21, Finding No. 10.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the

6

record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on April 4, 1963, and was 47 years old at the time of the administrative hearing, February 16, 2011. (Tr. at 20, 108, 451, 927.) Claimant had at least a high school education and was able to communicate in English. (Tr. at 20, 124, 130, 479, 485-86, 927.) In the past, she worked as a school bus driver, a dietician, and a cook. (Tr. at 20, 47, 125-27, 137-43, 480-82, 915, 927.)

<u>The Medical Record</u>

The Court has reviewed all the evidence of record, including the medical evidence of record, and will discuss it below as it relates to the undersigned's findings and recommendation.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Neither the Commissioner nor the Claimant filed briefs in this matter, and Claimant's Complaint fails to set forth any specific claims. On her form "Request for Review of Hearing Decision/Order," Claimant stated that she disagreed with the ALJ's Title II decision. (Tr. at 11.) The undersigned notes that Claimant was represented by counsel at all levels of review, and has been represented by counsel throughout this appeal. As Claimant has not raised any specific arguments at this level of review, the undersigned will consider her claim raised in her Request for Review of Hearing Decision/Order and additionally has reviewed the entire record to see if it comports with the substantial evidence standard.

<u>Analysis</u>.

The ALJ stated in her decision that Claimant and her attorney amended the alleged onset date

of disability to August 15, 2007. (Tr. at 16.) She noted that the result meant that Claimant would not be entitled to DIB benefits because she would not have insured status on the date of onset. (Id.) The ALJ stated that Claimant, through counsel, implicitly voluntarily withdrew her request for hearing as it pertained to the DIB claim. (Id.) The ALJ, therefore, found that Claimant understood the effect of her request and dismissed her request for hearing on DIB claim and proceeded to find that she was disabled solely upon the application for SSI benefits. (Id.)

The transcript of the February 16, 2011, hearing does not reference Claimant's amendment of her alleged onset date. (Tr. at 920-41.) Following the hearing, however, Claimant's attorney, submitted a letter to the ALJ confirming their discussions at the hearing that Claimant was amending her onset date to August 15, 2007. (Tr. at 23.) The letter states: "As discussed at my clients hearing on February 16, 2011 my client, Linda Carruthers, is amending her onset date to August 15, 2007." (Id.)

As stated above, the undersigned finds that Claimant was represented by counsel throughout all stages of her social security proceedings. The ALJ's decision adequately reflects that Claimant was made aware of the consequences of amending her alleged onset date and that she and her counsel nevertheless amended the date. The record reflects that Claimant amended her alleged onset date at the first administrative hearing and counsel stated on the record, before Claimant, that she understood the ramifications of changing the date. (Tr. at 892-93.) The ALJ stated in her prior decision that Claimant's date last insured was March 31, 2007. (Tr. at 41.) Given the totality of the evidence and notwithstanding Claimant's mental impairments, the undersigned finds that Claimant was represented by counsel when her alleged onset date was amended voluntarily. The ALJ issued a fully favorable decision to Claimant on the SSI claim, and therefore, nothing else remains for the undersigned to review. Accordingly, the undersigned finds that the ALJ's decision is supported by the substantial evidence of record.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court

confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Senior Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: March 4, 2014.

R. Clarke VanDervort
United States Magistrate Judge